UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs. Case No: 8:23-Cr-213-MSS-NHA

JULIAN RUSSELL CLAWSON
_______________________________/

**DEFENDANT'S SENTENCING MEMORANDUM AND INCORPORATED MOTION FOR DOWNWARD VARIANCE**

**COMES NOW**, Defendant, JULIAN RUSSELL CLAWSON, by and through undersigned counsel and pursuant to 18 U.S.C. §3553(a), and files this Sentencing Memorandum and Incorporated Motion for Downward Variance. In support of a below guidelines sentence, Mr. Clawson offers the following:

**FACTUAL BACKGROUND AND ADVISORY GUIDELINES**

Following a jury trial in this matter, Mr. Clawson was convicted of Receipt of Child Pornography, two (2) counts of Distribution of Child Pornography, and one (1) count of Possession of Child Pornography. As a result of the nature of the convictions, the applicable specific offense characteristics, and Mr. Clawson's prior conviction, Mr. Clawson has an advisory guideline range of 324 to 405 months.

As was presented during trial, much of the evidence in this case was derived from social media chats in which Mr. Clawson engaged in conversations with undercover law enforcement officers. During those conversations, in which law enforcement actively engaged Mr. Clawson, photographs and videos were sent by Mr. Clawson to the undercover officers. A subsequent search warrant executed on Mr. Clawson's social media account revealed additional evidence.

Due to the nature of the photographs and because Mr. Clawson was in possession of videos, the specific offense characteristics comprise eighteen (18) of the forty (40) levels that make up the adjusted offense level in this case.

**History and Characteristics of Mr. Clawson**

What is apparent in this case is that Mr. Clawson's personal background is marked by significant childhood trauma and negative developmental experiences. His childhood is best characterized by instability, abuse, neglect, and premature exposure to inappropriate sexual conduct.

Born into a military family, Mr. Clawson experienced frequent relocations during his upbringing until his parents divorced when he was approximately six (6) years old. Following the divorce, he lived primarily with his mother in an environment he described as unstable and abusive. Mr. Clawson was subjected to physical abuse involving household objects, while family dysfunction and inconsistent parental supervision became commonplace in his early life. His

childhood was marked by significant family instability and upheaval during critical developmental years.

Even more troubling for an adolescent child was the sexual trauma that Mr. Clawson reported experiencing. He was exposed, by his grandfather, to sexually explicit materials and sexual conduct at approximately six (6) years of age. He subsequently learned that the same grandfather sexually abused his sister for years. His sister independently confirmed the abuse she suffered and reported that disclosure of the abuse was met with disbelief. These experiences occurred during a period of childhood development when boundaries, morality, and healthy interpersonal relationships are formed. Such trauma cannot be ignored when evaluating the full context of Mr. Clawson's history and characteristics under 18 U.S.C. §3553(a).

Courts have long recognized that childhood abuse and trauma can have profound and lasting psychological consequences extending well into adulthood. While these experiences do not excuse criminal conduct, they provide important context for understanding the developmental and psychological forces that shaped the individual standing before the Court today.

**Combat Service and the Lasting Effects of War**

Following high school, Mr. Clawson chose a path of service to his country by enlisting in the United States Air Force. He served honorably from 2001 through 2007 and was deployed in support of Operation Iraqi Freedom, serving in Iraq from

March 2005 until February 2006. His military records reflect an honorable discharge and multiple service-related awards and commendations.

Mr. Clawson returned from combat carrying significant psychological injuries. He reported that many fellow soldiers died during his deployment and described suffering from survivor's guilt upon his return. He was diagnosed with Post-Traumatic Stress Disorder (PTSD), experienced severe insomnia, suicidal ideation, depression, anxiety, and twice attempted suicide. These struggles represent genuine psychological wounds associated with combat service, not merely ordinary life stressors. Coupling these mental health issues with his childhood trauma certainly compounded the issues that Mr. Clawson was internally battling.

The Court should consider that Mr. Clawson's military service imposed substantial emotional burdens that likely altered the trajectory of his life. His combat-related PTSD, depression, and emotional issues provide important context for understanding many of the difficulties that followed his return from Iraq.

## Mental Health Challenges

Mr. Clawson has a longstanding history of depression and anxiety dating back to adolescence. Significantly, Mr. Clawson recalled experiencing suicidal thoughts as early as age ten (10). His mental health problems persisted into adulthood and intensified following combat service. He underwent treatment through the Department of Veterans Affairs, received psychiatric medications, and struggled with periods of emotional instability, substance misuse, and self-destructive behavior.

One of the most shocking aspects of Mr. Clawson's attempts to receive continued mental health treatment through the V.A. is that his refusal to continue to take prescription medications resulted in the cessation of the treatment.

Mr. Clawson has participated in treatment programs, including specialized offender treatment and substance-abuse programs. Mr. Clawson is not an individual that rejects intervention; rather, he presents as an individual with longstanding psychological struggles who has repeatedly engaged in efforts at rehabilitation, treatment, and an individual that could certainly benefit from additional counseling and treatment.

A sentence that incorporates opportunities for continued mental-health treatment will better serve the statutory goals of sentencing than one focused exclusively on punishment.

**Faith-Based Service and Positive Community Contributions**

Despite these charges, perhaps one of the most compelling aspects of Mr. Clawson's history is the substantial evidence that he sought to build a productive and service-oriented life within his community. Prior to his arrest, he served as a men's ministry leader at his church and volunteered for several years with a faith-based drug rehabilitation ministry where he conducted Bible studies and worked with individuals struggling with addiction and life challenges. Mr. Clawson has continued teaching Bible study classes while incarcerated. These efforts demonstrate a sustained commitment to helping others and positively contributing to others. They

are not isolated acts performed in anticipation of sentencing, and reflect years of involvement in ministry, mentoring, counseling, and service. His designation as a certified Christian counselor further illustrates his commitment to assisting others in navigating personal struggles and finding stability in their own lives.

## Family Support and Stability

Mr. Clawson also has significant family support that remains available to him to provide stability. His wife has remained supportive throughout these proceedings and confirmed both his involvement in church ministry and his positive contributions to others. He has a stable marriage and a family network willing to support him despite the consequences of his conduct.

Strong family support is among the most significant predictors of successful reintegration and reduced recidivism. The presence of a supportive spouse and established community ties weighs in favor of a sentence that preserves hope for eventual reintegration and productive citizenship.

## Conclusion

Certainly, the underlying facts of this case cannot be ignored and should not be ignored. The Court is tasked with determining what an appropriate sentence is based on all the information available. There are underlying internal circumstances that Mr. Clawson needs continued counseling and treatment to solve.

The defense does not present these circumstances as excuses. Nothing in Mr. Clawson's personal history diminishes the seriousness of the offense or the harm that results from such conduct. Rather, these circumstances provide the context that 18 U.S.C. §3553(a) requires the Court to consider when fashioning a sentence that is "sufficient, but not greater than necessary."

Mr. Clawson arrives before this Court not as the sum of a single chapter in his life, but as a man shaped by severe childhood trauma, sexual victimization, family instability, combat service, PTSD, depression, documented suicide attempts, and years of efforts toward rehabilitation, ministry, and service to others. When viewed as a whole, his history and characteristics strongly support a sentence that recognizes both accountability and the enduring possibility of redemption.

**MOTION FOR DOWNWARD VARIANCE**

For all of the foregoing reasons, Mr. Clawson respectfully requests that the Court vary downward below the advisory guideline range and impose a sentence that is sufficient, but not greater than necessary.

RESPECTFULLY SUBMITTED,

______*/s/ David E. Little*___________
DAVID E. LITTLE, ESQUIRE

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the original of the foregoing has been furnished by Electronic Filing to Elizabeth M. Warren, Clerk of the Court, U.S. District Court, Middle District of Florida, located at U.S. Courthouse, 801 N. Florida Ave., #223, Tampa, FL 33602-3800, and that e-mail notification of this filing will be sent to all interested persons on this 3rd day of November, 2026.

*/s/ David E Little*

DAVID E. LITTLE, ESQ.
Brown Doherty Little
9600 Koger Blvd., Ste. 235
St. Petersburg, FL 33702
(727) 299-0099, Ext. 2
FBN 89124
david@lawbdl.com